UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

AMERICAN TYPE CULTURE
COLLECTION ("ATCC")

                           Plaintiff,

v.                                          Case No. 17-cv-01235-TSE-IDD

ARMANINO, LLP

                           Defendant.

## DEFENDANT ARMANINO LLP'S ANSWER TO THE COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant Armanino LLP ("Defendant") hereby sets forth the following Answer and

Affirmative Defenses to the Complaint of Plaintiff American Type Culture Collection

("Plaintiff") and demands trial by jury. Any allegation, averment, contention or statement in the

Complaint not specifically and unequivocally admitted is denied. To the extent the headings and

subheadings of the Complaint may be construed as allegations, they are specifically denied.

Armanino responds with corresponding paragraph numbers to each of the paragraphs of the

Complaint as follows:

1.      This paragraph is denied, except that Defendant admits that Defendant is a

California-based accounting and consulting firm.

2.      Defendant is without knowledge or information sufficient to form a belief as to

the truth of the allegations in this paragraph and therefore denies same, except that Defendant

admits that Plaintiff initiated discussions with Defendant regarding the design and

implementation of a new ERP system at Plaintiff.

3.      This paragraph is denied, except that Defendant admits that Plaintiff agreed to

retain Defendant to provide services related to the Project.

4.      This paragraph is denied.

5.      This paragraph is denied.

6.      This paragraph is denied.

7.      This paragraph is denied.

8.      This paragraph is denied.

9.      This paragraph is denied.

10.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

## RESPONSE TO "PARTIES"

11.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

12.     Defendant admits Plaintiff is in the business of collecting, storing, and distributing microorganisms, cell lines and other biologic materials for research and development. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

13.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

14.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

15.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

16.     Admitted.

17.     Admitted.

## RESPONSE TO "JURISDICTION AND VENUE"

18.     This paragraph states a legal conclusion to which no response is required.

19.     This paragraph states a legal conclusion to which no response is required.

20.     This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies it caused tortious injury to Plaintiff by acts or omissions in this Commonwealth and denies causing tortious injury in this Commonwealth by acts or omission outside this Commonwealth.

## RESPONSE TO "FACTUAL ALLEGATIONS"

21.     This paragraph is definitional and does not set forth any allegation susceptible to admission or denial and, therefore, no answer is required. To the extent a response is required, this paragraph is denied.

22.     This paragraph is definitional and does not set forth any allegation susceptible to admission or denial and, therefore, no answer is required. To the extent a response is required, this paragraph is denied

23.     This first sentence in this paragraph is definitional and does not set forth any allegation susceptible to admission or denial and, therefore, no answer is required. To the extent a response is required, this first sentence of this paragraph is denied. The second sentence of this paragraph is admitted.

24.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same, except that Defendant admits that Plaintiff initiated discussions with Defendant regarding the design and implementation of a new ERP system at Plaintiff.

25.     Defendant admits that in early 2015, it represented itself to certain clients and

3

potential clients as having professional skill, expertise, knowledge and experience in ERP implementation involving Microsoft's Dynamics AX technology, including in the implementation and development of Microsoft Dynamics AX Reseller solutions. Defendant admits these representations were shared with ATCC in 2015 prior to the execution of the Master Services Agreement. Defendant denies any remaining allegations in this paragraph.

26.    Defendant admits that John J. Burke of Armanino sent a document entitled "Budgetary Summary," dated March 30, April 16, 2015 and May 12 to Ralph Koch of ATCC. To the extent the allegations of this paragraph are based on the contents of these written documents (referred to collectively by Plaintiff as "Budgetary Proposals"), Defendant admits, to the extent such allegations accurately reflect the contents of the Budgetary Proposals, such statements exist. To the extent such allegations do not accurately reflect the contents of the Budgetary Proposals, Defendant denies them. Defendant denies that Plaintiff's characterization of the Budgetary Proposals is accurate, and denies Plaintiff's framing of these issues. Defendant denies it made any representations to Plaintiff that were knowingly false or made by Defendant with reckless disregard for their truth or falsity. Defendant denies any remaining allegations of this paragraph.

27.    To the extent the allegations of this paragraph are based on the contents of the Budgetary Proposals, Defendant admits, to the extent such allegations accurately reflect the contents of the Budgetary Proposals, such statements exist. To the extent such allegations do not accurately reflect the contents of the Budgetary Proposals, Defendant denies them. Defendant denies that Plaintiff's characterization of the Budgetary Proposals is accurate, and denies Plaintiff's framing of these issues. Defendant denies it made any representations to Plaintiff that were knowingly false or made by Defendant with reckless disregard for their truth or falsity.

Defendant denies any remaining allegations of this paragraph.

28. To the extent the allegations of this paragraph are based on the contents of the Budgetary Proposals, Defendant admits, to the extent such allegations accurately reflect the contents of the Budgetary Proposals, such statements exist. To the extent such allegations do not accurately reflect the contents of the Budgetary Proposals, Defendant denies them. Defendant denies that Plaintiff's characterization of the Budgetary Proposals is accurate, and denies Plaintiff's framing of these issues. Defendant denies it made any representations to Plaintiff that were knowingly false or made by Defendant with reckless disregard for their truth or falsity. Defendant denies any remaining allegations of this paragraph.

29. To the extent this paragraph, and each subpart thereof, purports to state the contents of unidentified documents, the allegations in this paragraph are too vague or indeterminate to allow Defendant to answer, and on that basis Defendant denies them. Defendant denies it made any representations to Plaintiff that were knowingly false or made by Defendant with reckless disregard for their truth or falsity. Defendant denies any remaining allegations of this paragraph.

30. Defendant admits that Bruce Kirschenbaum, an Armanino partner, sent a document entitled "Statement of Work for Dynamics Hosting Services ATCC – Revised May 14, 2015," to ATCC (referred to by Plaintiff as "Hosting Proposal"). To the extent the allegations of this paragraph are based on the contents of the Hosting Proposal, Defendant admits, to the extent such allegations accurately reflect the contents of the Hosting Proposal, such statements exist. To the extent such allegations do not accurately reflect the contents of the Hosting Proposal, Defendant denies them. Defendant denies that Plaintiff's characterization of the Hosting Proposal is accurate, and denies Plaintiff's framing of these issues. Defendant denies it made any

5

representations to Plaintiff that were knowingly false or made by Defendant with reckless disregard for their truth or falsity. Defendant denies any remaining allegations of this paragraph.

31. To the extent the allegations of this paragraph, and each subpart thereof, are based on the contents of the Hosting Proposal, Defendant admits, to the extent such allegations accurately reflect the contents of the Hosting Proposal, such statements exist. To the extent such allegations do not accurately reflect the contents of the Hosting Proposal, Defendant denies them. Defendant denies that Plaintiff's characterization of the Hosting Proposal is accurate, and denies Plaintiff's framing of these issues. Defendant denies it made any representations to Plaintiff that were knowingly false or made by Defendant with reckless disregard for their truth or falsity. Defendant denies any remaining allegations of this paragraph.

32. Defendant admits that Bruce Kirschenbaum, an Armanino partner, sent a document entitled "Statement of Work for Dynamics Services ATCC – Revised May 14, 2015," to ATCC (referred to by Plaintiff as "Dynamics Proposal"). To the extent the allegations of this paragraph are based on the contents of the Dynamics Proposal, Defendant admits, to the extent such allegations accurately reflect the contents of the Dynamics Proposal, such statements exist. To the extent such allegations do not accurately reflect the contents of the Dynamics Proposal, Defendant denies them. Defendant denies that Plaintiff's characterization of the Dynamics Proposal is accurate, and denies Plaintiff's framing of these issues. Defendant denies it made any representations to Plaintiff that were knowingly false or made by Defendant with reckless disregard for their truth or falsity. Defendant denies any remaining allegations of this paragraph.

33. To the extent the allegations of this paragraph are based on the contents of the Dynamics Proposal, Defendant admits, to the extent such allegations accurately reflect the contents of the Dynamics Proposal, such statements exist. To the extent such allegations do not

6

accurately reflect the contents of the Dynamics Proposal, Defendant denies them. Defendant denies that Plaintiff's characterization of the Dynamics Proposal is accurate, and denies Plaintiff's framing of these issues. Defendant denies it made any representations to Plaintiff that were knowingly false or made by Defendant with reckless disregard for their truth or falsity. Defendant denies any remaining allegations of this paragraph.

34.     To the extent the allegations of this paragraph are based on the contents of the Dynamics Proposal, Defendant admits, to the extent such allegations accurately reflect the contents of the Dynamics Proposal, such statements exist. To the extent such allegations do not accurately reflect the contents of the Dynamics Proposal, Defendant denies them. Defendant denies that Plaintiff's characterization of the Dynamics Proposal is accurate, and denies Plaintiff's framing of these issues. Defendant denies it made any representations to Plaintiff that were knowingly false or made by Defendant with reckless disregard for their truth or falsity. Defendant denies any remaining allegations of this paragraph.

35.     To the extent the allegations of this paragraph are based on the contents of the Dynamics Proposal, Defendant admits, to the extent such allegations accurately reflect the contents of the Dynamics Proposal, such statements exist. To the extent such allegations do not accurately reflect the contents of the Dynamics Proposal, Defendant denies them. Defendant denies that Plaintiff's characterization of the Dynamics Proposal is accurate, and denies Plaintiff's framing of these issues. Defendant denies it made any representations to Plaintiff that were knowingly false or made by Defendant with reckless disregard for their truth or falsity. Defendant denies any remaining allegations of this paragraph.

36.     To the extent the allegations of this paragraph are based on the contents of the Dynamics Proposal, Defendant admits, to the extent such allegations accurately reflect the

7

contents of the Dynamics Proposal, such statements exist. To the extent such allegations do not accurately reflect the contents of the Dynamics Proposal, Defendant denies them. Defendant denies that Plaintiff's characterization of the Dynamics Proposal is accurate, and denies Plaintiff's framing of these issues. Defendant denies it made any representations to Plaintiff that were knowingly false or made by Defendant with reckless disregard for their truth or falsity. Defendant denies any remaining allegations of this paragraph.

37.     To the extent the allegations of this paragraph are based on the contents of the Dynamics Proposal, Defendant admits, to the extent such allegations accurately reflect the contents of the Dynamics Proposal, such statements exist. To the extent such allegations do not accurately reflect the contents of the Dynamics Proposal, Defendant denies them. Defendant denies that Plaintiff's characterization of the Dynamics Proposal is accurate, and denies Plaintiff's framing of these issues. Defendant denies it made any representations to Plaintiff that were knowingly false or made by Defendant with reckless disregard for their truth or falsity. Defendant denies any remaining allegations of this paragraph.

38.     To the extent the allegations of this paragraph are based on the contents of the Dynamics Proposal, Defendant admits, to the extent such allegations accurately reflect the contents of the Dynamics Proposal, such statements exist. To the extent such allegations do not accurately reflect the contents of the Dynamics Proposal, Defendant denies them. Defendant denies that Plaintiff's characterization of the Dynamics Proposal is accurate, and denies Plaintiff's framing of these issues. Defendant denies it made any representations to Plaintiff that were knowingly false or made by Defendant with reckless disregard for their truth or falsity. Defendant denies any remaining allegations of this paragraph.

39.     Defendant denies the allegations in this paragraph.

8

40.     Defendant denies the allegations in this paragraph, except that Plaintiff and Defendant entered into a Master Services Agreement (referred to herein by Plaintiff as the "Contract" and the "Professional Services Contract" dated May 27, 2015 and executed by Plaintiff on or about May 28, 2015 and executed by Armanino on or about June 1, 2015.

### Response to "Armanino's Professional Services Contract with ATCC"

41.     Admitted.

42.     Defendant admits that, in pertinent part, the Master Services Agreement provides "Armanino LLP (Armanino) agrees to perform for ATCC (the 'Company') the services "Services" described in each separately signed Statements of Work (SOW)." Except as so admitted, Defendant denies any remaining allegations in this paragraph.

### Response to "Armanino's Common Law Duty to ATCC"

43.     This paragraph purports to state a legal conclusion to which no response is required. To the extent a response it required, Defendant denies it owed any independent duty of care to Plaintiff to support a claim in negligence arising under California law.

44.     This paragraph is denied.

### Response to "Armanino's Post-Contract Fraudulent Misrepresentations, Fraudulent Concealments, and Deficient Work"

45.     This paragraph is denied, except that Defendant admits it began to provide services pursuant to the Master Services Agreement and separately executed SOWs in June 2015.

46.     As to the allegations of ATCC's concerns, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations in this paragraph and therefore denies same. Defendant denies the allegations of inadequacies or failures in Armanino's work and any remaining allegations in this paragraph.

47.     Defendant admits that Plaintiff paid fees owed to Defendant pursuant to the Master Services Agreement and the separately executed SOW. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff "was committed to working with it on the Project" and therefore denies same. Defendant denies it made any representations to Plaintiff that were knowingly false or made by Defendant with reckless disregard for their truth or falsity. Defendant denies any remaining allegations of this paragraph.

48.     Defendant denies it made any representations to Plaintiff that were knowingly false or made by Defendant with reckless disregard for their truth or falsity. Defendant denies any remaining allegations of this paragraph.

49.     This paragraph is denied.

50.     Defendant denies it fraudulently concealed any information to Plaintiff. Defendant denies any remaining allegations of this paragraph.

51.     Defendant denies that in September 2016, Plaintiff had paid Defendant more than $5 million for its services. Defendant admits that it agreed to "Go-Live" after George Vaseghi, on behalf of Plaintiff, directed Defendant to go-live and informed Defendant that Plaintiff's Steering Committee for this project had decided to go-live despite knowing that some of the go-live criteria had not been satisfied. Armanino denies the remaining allegations in this paragraph.

52.     Defendant admits that on September 10, 2016—after George Vaseghi, on behalf of Plaintiff, directed Defendant to go-live and informed Defendant that Plaintiff's Steering Committee for this project had decided to go-live despite knowing that some of the go-live criteria had not been satisfied—Tim Hourigan sent an email to Ralph Koch and George Vaseghi of ATCC dated September 10, 2016 stating that "we are ready for go-live!." Defendant denies

10

the remaining allegations in this paragraph.

53.     Because this paragraph vaguely refers to Plaintiff's reliance on the "aforesaid representations and recommendations," Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies same. Defendant denies the remaining allegations in this paragraph.

54.     Defendant admits that after the go-live, ATCC was unable to fulfill orders at its prior pace, resulting in a backlog of unfulfilled orders. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

55.     Defendant admits that immediately after the go-live some of the desired features of the new system did not function properly. In fact, Plaintiff knew before the go-live that some of the features would not be available, as acknowledged in George Vaseghi's email dated September 10, 2016 (e.g., stating a "workaround" would be required for the FedEx Labels). Because this paragraph does not refer to a specific time and some of the descriptions of problems are vague, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

56.     Defendant admits that ATCC's CFO Ralph Koch sent an email to Armanino partner Bruce Kirschenbaum on September 21, 2016. To the extent the allegations of this paragraph are based on the contents of Ralph Koch's email, Defendant admits such allegations accurately reflect the contents of the email and such statements exist. Defendant admits that Bruce Kirschenbaum sent an email to Ralph Koch on September 22, 2016. To the extent the allegations of this paragraph are based on a portion of the contents of Bruce Kirschenbaum's email, Defendant admits the allegations accurately reflect a portion of the contents of the email

11

and such statements exist. Defendant denies the characterization of Bruce Kirschenbaum's email, denies Plaintiff's framing of these issues, and denies Defendant made any misrepresentations to Plaintiff.

57. Defendant admits that Bruce Kirschenbaum sent emails to Ralph Koch on October 25, 2016 and November 9, 2016. To the extent the allegations of this paragraph are based on a portion of the contents of Bruce Kirschenbaum's emails, Defendant admits allegations accurately reflect a portion of the contents of the email and such statements exist. Defendant denies the characterization of Bruce Kirschenbaum's emails, denies Plaintiff's framing of these issues, and denies Defendant made any misrepresentations to Plaintiff. Defendant denies any remaining allegations of this paragraph.

58. Defendant admits that Bruce Kirschenbaum sent emails to Ralph Koch on November 9, 2016. To the extent the allegations of this paragraph are based on a portion of the contents of Bruce Kirschenbaum's emails, Defendant admits with respect to the first referenced email that the allegations accurately reflect a portion of the contents of the email and such statements exist. With respect to the contents of the second referenced email, Defendant avers the email stated, in part: "There is a Microsoft bug in the RDS connection." Defendant denies the characterization of Bruce Kirschenbaum's emails, denies Plaintiff's framing of these issues, and denies Defendant made any misrepresentations to Plaintiff. Defendant denies any remaining allegations of this paragraph.

59. Defendant admits that Armanino's Project Manager Tim Hourigan sent an email on October 19, 2016. To the extent the allegations of this paragraph are based on a portion of the contents of Tim Hourigan's emails, Defendant avers the email stated, in part: "I know ATCC wants to further enhance Esker in the near-term but let's declare victory on the original design

12

and recent enhancements first." Defendant denies the characterization of Tim Hourigan's emails, denies Plaintiff's framing of these issues, and denies Defendant made any misrepresentations to Plaintiff. Defendant denies any remaining allegations of this paragraph.

60.     Defendant admits that James J. Kramer of ATCC sent a letter addressed to Bruce Kirschenbaum of Armanino dated December 9, 2016. To the extent the allegations of this paragraph are based on a portion of the contents of James Kramer's letter, Defendant admits the allegations accurately reflect a portion of the contents of the letter and such statements exist. Defendant denies the characterization of Bruce Kirschenbaum's response, denies Plaintiff's framing of these issues, and denies Defendant made any misrepresentations to Plaintiff. Defendant denies any remaining allegations of this paragraph.

61.     Defendant denies the allegation that "Armanino made little progress in resolving them for weeks and months thereafter." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

62.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

63.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

64.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

65.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

66.     This paragraph is denied.

67. This paragraph is denied, except that Armanino admits, that Plaintiff hired another entity to provide services related to the Project.

68. Defendant denies this paragraph, except that Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding "expert analysis" in this paragraph and therefore denies same.

69. Defendant denies this paragraph, except that Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding "other expert analysis" in this paragraph and therefore denies same.

70. To the extent the allegations of this paragraph are based on the contents of the Master Service Agreement, Defendant denies such allegations accurately reflect the contents of the Master Services Agreement. Defendant avers that the Master Services Agreement provides "Armanino LLP (Armanino) agrees to perform for ATCC (the 'Company') the services "Services" described in each separately signed Statements of Work (SOW). Defendant denies Plaintiff's characterization of the Master Services Agreement, and denies Plaintiff's framing of these issues. Defendant denies any remaining allegations in this paragraph.

71. Defendant denies "the hosting environment that Armanino had designed and created was fundamentally misdesigned," and denies the allegations contained in each of the subparts of this paragraph. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

72. Defendant denies this paragraph.

73. Defendant denies the allegation that "the Microsoft Azure environment that Armanino had designed after the failed Go-Live in September 2016 … had major design deficiencies." Defendant denies the allegation of "many fundamental deficiencies in the cloud-

14

based environment that Armanino created for ATCC's MAX system to run on – including the fact that it was not operating an anti-virus system at all, had no firewalls or filtering in place, and had major RDP server and instability problems due to what appeared to be fundamental design flaws. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

74.    Defendant denies this paragraph, except that Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what "another expert" purportedly discovered or identified, therefore denies the remaining allegations of this paragraph.

75.    Defendant admits ATCC retained an independent consultant, Concerto Cloud Services ("Concerto"). Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

76.    Defendant denies the allegations that "the hosting environment that Armanino designed and implemented" had "problems" "including inadequate and substandard server capacity, disk storage, security protocols, processing and operational design features, and a complete lack of the documentation required to certify the system as compliant with Good Manufacturing Processes (GMP)." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

77.    Defendant denies the allegations in this paragraph and each subpart thereof, except Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding "the remedial tasks" performed Concerto in this paragraph, and each subpart thereof, and therefore denies same.

15

78.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

79.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

80.     Defendant denies the allegation that "when the Armanino-designed host environment was being designed and built, Armanino simply failed to create the necessary documentation of that process, with the result that it can never be GMP certified." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

81.     This paragraph is denied.

82.     This paragraph includes numerous vague and ambiguous references, e.g. "among other things," "that methodology," "high standards," and "rigorous standards."  In addition it does not state whether Armanino or ATCC, or both, were required to adhere to the alleged standards. Accordingly, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

83.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding third parties (i.e., "they" and "ATCC's experts") and therefore denies same. Defendant denies the remaining allegations in this paragraph.

84.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding third parties (i.e., "they") and therefore denies same. Defendant denies the remaining allegations in this paragraph.

85.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding third parties "[t]he consulting firm T2C" in this paragraph

16

and therefore denies same. Defendant denies the remaining allegations in this paragraph.

86.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding third parties "[t]he consulting firm T2C" in this paragraph and therefore denies same. Defendant denies the remaining allegations in this paragraph.

87.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding third parties "Fullscope" in this paragraph and therefore denies same. Defendant denies the remaining allegations in this paragraph.

88.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding third parties "Fullscope" in this paragraph and therefore denies same. Defendant denies the remaining allegations in this paragraph.

89.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding third parties "Fullscope" in this paragraph and therefore denies same. Defendant denies the remaining allegations in this paragraph.

90.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding third parties "experts" in this paragraph and therefore denies same. Defendant denies the remaining allegations in this this paragraph.

**RESPONSE TO "DAMAGES"**

91.     This paragraph, and each subpart thereof, is denied.

92.     This paragraph is denied.

**RESPONSE TO "CAUSES OF ACTION"**

**RESPONSE TO "COUNT I (Fraud in the Inducement)"**

93.     Defendant incorporates by reference its responses to the preceding paragraphs with the same legal force and effect as if fully set forth at length herein.

17

94.     This paragraph is denied.

95.     This paragraph is denied.

96.     This paragraph is denied.

97.     This paragraph is denied.

98.     This paragraph is denied.

**RESPONSE TO "COUNT II (Fraudulent Concealment & Misrepresentation)"**

99.     Defendant incorporates by reference its responses to the preceding paragraphs with the same legal force and effect as if fully set forth at length herein.

100.    This paragraph is denied.

101.    This paragraph is denied.

102.    This paragraph is denied.

103.    This paragraph is denied.

**RESPONSE TO "COUNT III (Negligent Misrepresentation)"**

104.    Defendant incorporates by reference its responses to the preceding paragraphs with the same legal force and effect as if fully set forth at length herein.

105.    This paragraph is denied.

106.    This paragraph is denied.

107.    This paragraph is denied.

108.    This paragraph is denied.

109.    This paragraph is denied.

110.    This paragraph is denied.

111.    This paragraph is denied.

112.    This paragraph is denied.

113.    This paragraph is denied.

### RESPONSE TO "COUNT IV (Professional Negligence)"

114.    Defendant incorporates by reference its responses to the preceding paragraphs with the same legal force and effect as if fully set forth at length herein.

115.    This paragraph is denied.

116.    This paragraph is denied.

117.    This paragraph is denied.

118.    This paragraph is denied.

119.    This paragraph is denied.

### RESPONSE TO "COUNT V (Negligent Interference with Economic Advantage)"

120.    Defendant incorporates by reference its responses to the preceding paragraphs with the same legal force and effect as if fully set forth at length herein.

121.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

122.    Defendant admits that it knew ATCC had customers and ongoing business. Defendant denies the remaining allegations in this paragraph.

123.    This paragraph is denied.

124.    This paragraph is denied.

### RESPONSE TO "COUNT VI (Breach of Contract)"

125.    Defendant incorporates by reference its responses to the preceding paragraphs with the same legal force and effect as if fully set forth at length herein.

126.    This paragraph is denied.

127.    This paragraph is denied.

19

128.    This paragraph is denied.

**RESPONSE TO "COUNT VII (Breach of Warranty)"**

129.    Defendant incorporates by reference its responses to the preceding paragraphs with the same legal force and effect as if fully set forth at length herein.

130.    This paragraph is denied.

131.    Defendant avers the Master Services Agreement contained the following provision: "Armanino warrants that it would provide the obligations described in our Engagement Letter in a professional and workmanlike manner conforming to generally accepted industry standards. Defendant denies the second sentence of this paragraph. Defendant avers that, the Contract also contained the following provision: "EXCET AS EXRESSLY PROVIDED HEREIN AND TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, ARMANINO MAKES NO WARRANTIES OF ANY KIND, WHETHER EXPRESS, IMPLIED, STATUTORY OT OTHERWISE, AND SPECIFICALLY DISCLAIMS ALL IMPLIED WARRANTIES, INCLUDING ANY WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE AND WITH RESPECT TO THE SOFTWARE, SERVICE AND/OR RELATED DOCUMENTATION. ARMANINO DOES NOT WARRANT THAT THE SERVICES AND/OR DELIVERABLES WILL BE ERROR FREE OR UNINTERRUPTED. THE WARRANTIES PROVIDED HEREIN ARE THE SOLE AND EXCLUSIVE WARRANTIES PROVIDED TO COMPANY IN CONNECTOIPN WITH THE PROVISION OF THE SERVICE." Defendant denies any remaining allegations in this paragraph.

132.    This paragraph is denied.

20

**RESPONSE TO "COUNT VIII (Breach of Covenant of Good Faith and Fair Dealing)"**

133.   Defendant incorporates by reference its responses to the preceding paragraphs with the same legal force and effect as if fully set forth at length herein.

134.   This paragraph is denied.

135.   This paragraph is denied.

**RESPONSE TO "COUNT IX**
**(Unfair Competition in Violation of Cal. Bus. & Prof. Code § 17200)"**

136.   Defendant incorporates by reference its responses to the preceding paragraphs with the same legal force and effect as if fully set forth at length herein.

137.   This paragraph purports to state a legal conclusion to which no response is required.

138.   This paragraph is denied.

139.   This paragraph is denied.

**RESPONSE TO "PRAYER FOR RELIEF"**

Defendant denies that Plaintiff is entitled to any relief sought in the WHEREFORE clause and its subparts, and deny that it is liable to Plaintiff for damages or any other relief sought in the Complaint.

**AFFIRMATIVE DEFENSES**

**Failure to State a Cause of Action**

1.   As an affirmative defense to the Complaint, Defendant alleges that the Complaint and each cause of action therein do not state facts sufficient to constitute a cause of action.

**Failure to Mitigate Damages**

2.   As an affirmative defense to the Complaint, Defendant alleges that Plaintiff unjustifiably failed to take reasonable steps to mitigate its damages and that any such failure was

21

a proximate cause of the alleged damages, if any.

## Contributory Fault

3.      As an affirmative defense to the Complaint, Defendant alleges that: Plaintiff is at fault in and about the matters alleged in the Complaint; that said fault on Plaintiff's own part proximately contributed to the incident, loss and damages complained of, if any; and that if Plaintiff recovers damages, Defendant is entitled to have the amount thereof abated, reduced or eliminated to the extent that Plaintiff's fault caused or contributed to the injuries or damages, if any.

## Statute of Limitations

4.      As an affirmative defense to the Complaint, Defendant alleges that the claims asserted in the Complaint may be barred by the statute limitations as set forth in Code of Civil Procedure sections 337, 338(a), 338(b), 338(c), 338(d), 339, 340, and 343 and Cal. Bus. & Prof. Code § 17208.

## Doctrine of Laches

5.      As an affirmative defense to the Complaint, Defendant alleges that the claims asserted in the Complaint may be barred by the doctrine of laches.

## Waiver

6.      As an affirmative defense to the Complaint, Defendant alleges that Plaintiff may have waived and relinquished the claims asserted in the Complaint and is estopped from asserting said claims.

## Estoppel

7.      As an affirmative defense to the Complaint, Defendant alleges that Plaintiff's claims may be barred by the doctrines of equitable estoppel and judicial estoppel.

22

**Unclean Hands**

8.       As an affirmative defense to the Complaint, Defendant alleges that Plaintiff may be barred from recovering for any of the claims asserted in the Complaint by the doctrine of unclean hands, also known as *in pari delicto*.

**Fault of Others**

9.       As an affirmative defense to the Complaint, Defendant alleges that the sole or partial proximate cause of the damages complained of was due to the fault, negligence, willful acts, and/or intentional acts of persons, firms or entities other than Defendant.

**Failure of Consideration**

10.       As an affirmative defense to the Complaint, Defendant alleges that the claims asserted in the Complaint may be barred by the failure of consideration and the absence of a writing.

**Privileges**

11.       As an affirmative defense to the Complaint, Defendant alleges that the claims asserted in the Complaint may be barred by the privileges provided by section 47 of the Code of Civil Procedure.

**Offset**

12.       Defendant alleges that Plaintiff's damages, if any, may be offset, in whole or in part, by amounts owed by Plaintiff to Defendant.

**Unjust Enrichment**

13.       Defendant alleges that any recovery by Plaintiff pursuant to the Complaint should be barred because it would result in an unjust enrichment to Plaintiff.

23

**Activities outside of California**

14.     To the extent that Plaintiff seeks relief for alleged injuries that it attributes to services provided outside California and/or for alleged actions occurring outside California, if at all, it cannot recover pursuant to California Business & Professions Code §§ 17200, *et seq*. Plaintiff also cannot recover because Defendant did not engage in any of the unfair, unlawful, misleading, deceptive, or otherwise prohibited trade practices addressed as part of California's unfair practices laws.

**Disclaimer**

15.     Plaintiff's claims for breach of express warranty is barred because it did not rely on such warranties, because the alleged warranties were disclaimed, because Defendant did not breach any alleged express or implied warranty, and/or because a breach of warranty claims do not lie in claims related to services.

**No Duty**

16.     Defendant did not owe Plaintiff any independent duty that would support a claim in tort for negligence.

**No Misrepresentations of Material Fact**

17.     Plaintiff may not recover for fraud or negligent misrepresentation because Defendant has made no misrepresentations of material fact.

**Good Faith**

18.     With respect to each and every purported cause of action, the acts of Defendant were at all times done in good faith and without malice.

**Exemplary Damages**

19.     Plaintiff's claims for exemplary damages are barred because no act or omission

was malicious, was willful, was wanton, was reckless, was grossly negligent, manifested a

flagrant disregard for the safety of persons who might be harmed, or was otherwise undertaken

with the intent required under applicable state law. Furthermore, as Defendant has not acted

oppressively, fraudulently, or maliciously, Plaintiffs may not recover punitive damages under

California Civil Code § 3294 to the extent that California law applies. Any claim for punitive

damages is also barred under California Civil Code § 3294(b) to the extent that California law

applies. Any claim for punitive damages is further barred by the Master Services Agreement,

which provides: "In no event shall Armanino or its personnel be liable for consequential,

indirect, incidental, punitive or exemplary loss, damage, or expense relating to this engagement."

<strong>Additional Affirmative Defenses</strong>

20.    Defendant reserves the right to assert and rely on any additional affirmative

defenses that may become available or apparent during discovery proceedings and/or trial.

WHEREFORE, this answering Defendant prays that Plaintiff takes nothing by reason of

its Complaint on file herein, that Defendant be dismissed and awarded its costs of suit and

attorneys' fees incurred herein, and for such other and further relief as the court may deem fit

and proper.

<strong><u>JURY DEMAND</u></strong>

**ARMANINO HEREBY DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,

*/s/ Matthew W. Lee*
Matthew W. Lee, VSB No. 40067
Eric Burns, VSB No. 76554
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
8444 Westpark Drive - Suite 510
McLean, Virginia 22102
(703) 245-9300
(703) 245-9301 (fax)

Matthew.Lee@wilsonelser.com
Eric.Burns@wilsonelser.com

Farley J. Neuman (*Pro Hac Vice*)
Patricia L. Bonheyo (*Pro Hac Vice*)
Goodman Neuman Hamilton LLP
417 Montgomery Street, 10th Floor
San Francisco, California 94104
415-705-0400
415-705-0411 (fax)
fneuman@gnhllp.com
pbonheyo@gnhllp.com
*Counsel for Armanino, LLP*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of December 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Brandon Hall Elledge
Holland & Knight LLP
1650 Tysons Boulevard, Suite 1700
Tysons Corner, Virginia 22102
(703) 720-8015
Fax: 703-720-8610
Email: brandon.elledge@hklaw.com

Robert Kaler (*Pro Hac Vice*)
Holland & Knight LLP
10 Saint James Avenue, 11th Floor
Boston, MA 02116 T
(617) 523-2700
Fax: (617) 523-6850
Email: robert.kaler@hklaw.com

*Counsel for American Type Culture Collection ("ATCC")*

/s/ Matthew W. Lee
Matthew W. Lee

26